MARSHALL *v.* UNITED STATES ACCIDENT ASS'N.

SAVING QUESTIONS FOR REVIEW—FINDING OF FACTS—NECESSITY.
  Whether plaintiff is estopped from maintaining his suit for
  services rendered by reason of having received payment upon
  a bill presented—which payment was made by defendant as
  payment in full—will not be considered where it does not
  appear that the question was raised in the court below,
  no finding of fact was requested upon the point, and no
  amendment to the findings of fact as signed was proposed by
  appellant.

Error to Muskegon; Sessions, J.   Submitted January
21, 1908.   (Docket No. 105.)   Decided February 15,
1908.

Assumpsit by Frank B. Marshall against the United
States Accident Association for services rendered.   There
was judgment for plaintiff, and defendant brings error.
Affirmed.

*Stephen H. Clink,* for appellant.

*Cross, Lovelace & Ross,* for appellee.

MONTGOMERY, J.   This action was brought by the
plaintiff, a practicing physician of Muskegon, to recover
against the defendant for services rendered to its members
under a contract under which plaintiff agreed to accept as
compensation for such services " at the rate of 10 per
centum ( 10% ) per month for each member enrolled in the
Medical Aid Department in the said city of Muskegon
who is in good standing and is entitled to services at the
end of each quarter, and for surgical cases the usual scale
as adopted by the Physicians' Association of Muskegon
county."

On the trial of this case, the only question was whether
treatment for an abscess on the leg or thigh of a member,

which was treated, according to the testimony of the physicians, surgically, was treatment for which plaintiff was entitled to receive the usual compensation fixed by the Physicians' Association of Muskegon county, or whether it should be considered medical treatment and compensated as such.

The testimony showed, and the circuit judge so found, that the treatment given to this case was surgical treatment, within the proper meaning of that term. The defendant then sought to show that at a time prior to the execution of the contract, in conversation with an agent of the defendant company, plaintiff agreed that the treatment of such ailments as an abscess or a carbuncle was contemplated under the term " medical " and would not be considered surgical treatment.

Under objection and exception this testimony was taken, but at the conclusion of the case the circuit judge found that there was no agreement to change the terms of the contract as actually written. He based this upon the fact that Dr. Marshall denied the claim made on behalf of the defendant. He also found as a matter of law that the testimony offered for the purpose of contradicting the terms of this written contract was incompetent. If the circuit judge was justified in reaching the conclusion, from the testimony, that no satisfactory agreement, such as that claimed on behalf of the defendant, was made orally, the legal question became wholly unimportant.

It is argued in this court that there was no testimony to support the finding of the circuit judge. It is hardly necessary to set out at length the testimony given by Dr. Marshall, but it is sufficient to say that it does very clearly dispute the testimony offered on behalf of the defendant, and affords an ample basis for the finding of the circuit judge.

It is further claimed that plaintiff, having received payment upon a bill presented—which payment was made by the defendant as payment in full—is estopped from now claiming compensation for this special service. It does

not appear that any such question was raised in the court below, no finding of fact was requested upon the point, and no amendment to the findings of fact as signed was proposed by appellant. Furthermore, the testimony does not show, as we read it, that there has been a settlement in payment of the claim of plaintiff since the surgical service was performed for the member involved in this case.

The judgment will be affirmed, with costs.

GRANT, C. J., and OSTRANDER, HOOKER, and CARPENTER, JJ., concurred.